IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY G. WEDDELL,

                Plaintiff,        Case No. 3:07 CV 0006

   -vs-

                                    <u>MEMORANDUM   OPINION</u>

RETIREMENT COMMITTEE
OF THE WHIRLPOOL PRODUCTION
EMPLOYEES RETIREMENT PLAN, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendants' -- Whirlpool Production Employees Retirement Plan and its Retirement Committee – motion for relief from statutory penalties (Doc. 28) and Plaintiff Kimberly G. Weddell's motion for attorney's fees (Doc. 29).

**I. Background**

On December 17, 2007, this Court entered judgment in favor of Plaintiff on her claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").  The Court found that Defendants had denied Plaintiff an avenue of appeal for her rejected benefits claim that was explicitly provided for in the relevant contract and relied upon by the third-party ERISA plan administrator UniCare.  *Weddell v. Retirement Committee of Whirlpool Employees Retirement Plan, et al.*, 2007 WL 4521509, 2007 U.S. Dist. LEXIS 92461 (N.D. Ohio 2007) (Doc. 26.) Having found that the administrative review and appeals process was improperly terminated by Defendants, the Court awarded Plaintiff statutory penalties of $14,220.00, or $60.00 per each of

the 237 days that Defendants withheld providing Plaintiff with free copies of the ERISA plan, pursuant to 29 U.S.C. § 1024(b)(4).

**II. Statutory Penalties**

Defendants' motion for relief from statutory penalties is before this Court in the form of a motion for reconsideration, because it seeks to alter the Court's prior grant of statutory penalties against Defendants.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D.

Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Defendants argue that they should not be penalized, because 29 U.S.C. § 1024(b) authorizes a copy charge before furnishing plan documents. Federal regulations, promulgated by the Department of Labor with regard to administration and enforcement under ERISA, 29 C.F.R. § 2560.503-1, provide the following:

> (h) Appeal of adverse benefit determinations. (1) In general. Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.
>
> (2) Full and fair review. Except as provided in paragraphs (h)(3) and (h)(4) of this section, the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures --
>
> \*\*\*
>
> (iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section . . .

29 C.F.R. § 2560.503-1(h)(2)(iii).[1] Section 502(c) of ERISA further states that "[a]ny administrator . . . who fails or refuses to comply with a request for any information when such administrator is required by this title to furnish to a participant . . . by mailing the material requested to the . . . . requesting participant . . . within 30 days after such request may in the court's discretion be personally liable to such participant . . . up to $100 a day . . . and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1).

Furthermore, the Court has previously cited examples of numerous other courts imposing such fines pursuant to ERISA's notice provisions. *See Minadeo v. ICI Paints*, 398 F.3d 751, 757 (6th Cir. 2005)("29 U.S.C. §§ 1024(b)(4) and 1025(a) . . . require a benefits plan administrator to furnish certain benefits-related documents to a plan participant upon her written request."); *Gatlin v. Nat'l Healthcare Corp.*, 16 Fed. Appx. 283, 289 (6th Cir. 2001) (upholding a $100 per day penalty for violation of 29 U.S.C. § 1024(b)(4) pursuant to 29 U.S.C. § 1132(c)(1)); *Logan v.*

---

[1] The regulations further provide that:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

> 29 C.F.R. § 2560.503-1(m)(i)-(iii).

*UniCare Life & Health Ins., Inc.*, 2007 U.S. Dist. Lexis 45654, *10-11 (E. D. Mich. 2007); *Shephard v. O'Quinn*, 2006 U.S. Dist. Lexis 24252, *9-10 (E. D. Tenn. 2006) (awarding $110 per day pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1); *McGrath v. Lockheed Martin Corp.*, 48 Fed. Appx. 543, 557 (6th Cir. 2002); *Dies v. Provident Life & Accident Ins. Co.*, 2006 U.S. Dist. Lexis 84480, *27-28 (M. D. Tenn. 2006); *see also Nicholas v. Standard Ins. Co.*, 48 Fed. Appx 557, 563 (6th Cir. 2002) (noting that if the plaintiff would have sued "for denial of his informational rights under ERISA [29 U.S.C. § 1024, 1025], he might be entitled to the statutory penalty for failure to provide plan documents").

This Court, in its discretion, and pursuant to 29 U.S.C. § 1024 and 29 U.S.C. § 1132, adequately stated its reasons for imposing a statutory penalty in its original memorandum of law, and Defendants present no permissible or convincing reason for this Court to analyze it any differently than it has already done. *Weddell,* 2007 WL 4521509, 2007 U.S. Dist. LEXIS 92461; Doc. 26.

**III. Attorney's Fees**

29 U.S.C. § 1132(g) confers broad discretion on a district court in making an award of attorney's fees in an ERISA action:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). "Consequently, the decision of a district court to award attorney's fees under 29 U.S.C. § 1132(g)(1) will stand absent an abuse of discretion." *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). *See also Tiemeyer v. Community Mut. Ins. Co*., 8 F.3d 1094,

5

1101-02 (6th Cir. 1993). "In exercising its discretion, our Circuit requires the district court to consider the following factors" in deciding whether to award attorney's fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Schwartz*, 160 F.3d at 1119 (citing *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)). "Because no single factor is determinative, the court must consider each factor before exercising its discretion." *Id.*; *see also Wells v. United States Steel*, 76 F.3d 731, 736 (6th Cir. 1996).

ERISA permits for an award of attorney's fees only to a "prevailing party on the ERISA claim." *Cattin v. General Motors Corp.*, 955 F.2d 416, 427 (6th Cir. 1992). There is some authority in this Circuit that the issue of awarding attorney's fees is not ripe in situations, such as this, where a court remands a case to the ERISA administrator for a full and fair review of benefits claims. *Bowers v. Sheet Metal Workers Nat'l Pension Fund*, 365 F.3d 535, 537-38 (6th Cir. 2004) (a decision remanding a benefits claim to the ERISA administrator "does not constitute a final decision"); *McKay v. Reliance Standard Life Ins. Co.*, 2007 WL 2897870 at *8 (E.D. Tenn. 2007) ("Since it does not appear that Reliance ever made a final decision regarding Plaintiff's administrative appeal of its initial decision to deny benefits, Plaintiff's claim will be REMANDED to Reliance for further investigation and proceedings. . . . Because the Court is remanding this case and not entering judgment for Reliance, the Court will DENY WITHOUT PREJUDICE Reliance's claim for attorney's fees."); *Baca-Flores v. Hartford Life & Accident Ins. Co.*, 2006 WL 2130528 (E.D. Mich. 2006) (in light of remand to the administrator, the court denied attorney's fees both

6

because they were unwarranted under the five-factor test and because the plaintiff was not a "prevailing party" upon remand). *Cf. Soltysiak v. Unum Provident Corp.*, 480 F.Supp.2d 970 (W.D. Mich. 2007) (allowing attorney's fees where the plaintiff obtained a substantive reversal of benefits and remand for full and fair review, unlike the case before this Court, in which only remand and not reversal was made). For these reasons, Plaintiff's motion for attorney's fees is hereby denied, without prejudice.[2]

Plaintiff has not established the propriety of an award of attorney fees at this point in the litigation. The Court has not rendered a decision on the merits of Defendant's denial of Plaintiff's benefits request. Rather, the Court found a procedural defect that arose out of Defendant's misconstruing and misapplying its ERISA Plan's appeals process. Out of that failure arose Defendant's further failure to provide required documents to Plaintiff upon request. That failure resulted in this Court's statutory award of $14,220.00. The Court has not assessed the merits of any actual benefits determination by the Defendant, but rather remanded the case for the administrator's first shot at an appeal – not a redo of a review. The statutory penalty, and not attorney's fees, are the appropriate remedy at this juncture.

Even if attorney's fees were permissible at this point, the purposes of a potential attorney's fee award are adequately met by the issuance, and reinforcement herein, of statutory penalties totaling $14,220.00. Defendant's culpability was a factor in setting the daily amount at $60.00, somewhere between negligence and egregiousness when compared to a scale of awards by other courts (as described in the original memorandum opinion and referenced above) ranging up to

---

[2] After a new determination has been made by the administrator, "either party [may] challenge the eligibility determination that the plan administrator renders on remand" upon timely motion before the Court. *Bowers*, 365 F.3d at 537.

$110.00 per day. Defendant has the financial wherewithal to pay a penalty for its procedural and contractual missteps, be it in the form or statutory penalties and/or attorney's fees. The deterrent effect of both awards is equal. There were no particularly significant legal questions in the underlying case, and Plaintiff was not seeking to benefit other participants. The purposes and goals of awarding attorney's fees, in light of these five factors, are equally and satisfactorily accomplished by the $14,220.00 statutory penalty at this point in the litigation. These factors may well be weighed differently as against one another at a later time, such as if the administrator denies Plaintiff's request and the Plaintiff appeals to this Court for resolution on the merits of her claim.

**IV. Conclusion**

For the reasons stated herein, Defendants' motion for reconsideration and relief from the statutory penalty is hereby denied (Doc. 28). Plaintiff's motion for attorney's fees is hereby denied without prejudice (Doc. 29).

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE